IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAWN BALL,** | : | Civil No. 1:11-CV-2240 |
| | : | |
| **Plaintiff,** | : | **(Chief Judge Kane)** |
| | : | |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **S.K. BARR, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

### I.   Statement of Facts and of the Case

This is a civil rights action brought by Dawn Ball, a state inmate. Ball's *pro se* civil rights complaint was initially filed on December 2, 2011. (Doc. 1) On a screening review, we recommended that this complaint be dismissed without prejudice to the filing of an amended complaint, (Doc.7 ), a recommendation which the District Court adopted on December 21, 2011. (Doc. 11)  At Ball's request we then extended the deadline for filing an amended complaint to February 10, 2012. (Doc.  16)

Ball has not complied with this deadline and has not filed an amended complaint, as directed by this Court.  Instead, on February 16, 2012, Ball filed correspondence with the Court, (Doc. 24), which stated in part that she wished to

"drop" this case. Consistent with the plain language of Ball's pleading, we liberally construe this document as a motion pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure seeking to voluntarily dismiss this complaint. Construed in this way, for the reasons set forth below, we believe that the plaintiff is entitled to request that her own case be dismissed. Therefore, it is recommended that the motion to dismiss be granted.

## II. Discussion

Rule 41(a)(1)(A)(I) of the Federal Rules of Civil Procedure provides as follows

**(a) Voluntary Dismissal.**

**(1)** *By the Plaintiff.*

**(A)** *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

**(I)** a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment.

F.R.Civ. P., Rule 41(a)(1)(i).

In this case it appears that no answer or summary judgment motion has been filed. Therefore, Ball should be permitted under Rule 41 to dismiss this case .

## II. <u>Recommendation</u>

For the foregoing reasons, IT IS RECOMMENDED that the plaintiff's complaint be DISMISSED and the case CLOSED.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 17th day of February 2012.

<i>S/Martin C. Carlson</i><br>
Martin C. Carlson<br>
United States Magistrate Judge