# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:   Ball v. SCI Muncy, No.1:08-CV-700 (M.D.Pa.)
Ball v. SCI-Muncy, No. 1:08-CV-701 (M.D.Pa.)
Ball v. Hill, No.1:09-CV-773 (M.D.Pa.)
Ball v. Beard, No. 1:09-CV-845 (M.D.Pa.)
Ball v. Lamas, No. 1:09-CV-846, (M.D. Pa.)
Ball v. Oden , No 1:09-CV-847 (M.D.Pa.)
Ball v. Bower, No. 1:10-CV-2561 (M.D.Pa.)
Ball v. Sisley, No. 1:11-CV-877 (M.D.Pa.)
Ball v. Struther, No. 1:11-CV-1265 (M.D.Pa.)   (Chief Judge Kane)
Ball v. Hummel, No. 1:11-CV-1422 (M.D.Pa.)
Ball v. Beckley, No. 1:11-CV-1829 (M.D.Pa.)
Ball v. Sipe, No. 1:11-CV-1830 (M.D.Pa.)        (M. J. Carlson)
Ball v. Craver, No. 1:11-CV-1831 (M.D.Pa.)
Ball v. Powley, No. 1:11-CV-1832 (M..D.Pa.)
Ball v. Cooper, No. 1:11-CV-1833 (M.D.Pa.)
Ball v. Famiglio, No. 1:11-CV-1834 (M.D.Pa.)
Ball v. Eckroth, No. 1:11-CV-2238 (M.D.Pa.)
Ball v. Campbell, No. 1:11-CV-2239 (M.D.Pa.)
Ball v Barr, No. 1:11-CV-2240 (M.D.Pa.)
Ball v Curham, No. 1:12-CV-10 (M.D.Pa.)
Ball v Giroux, No. 1:12-CV-11 (M.D.Pa.)
Ball v Giroux, No. 1:12-CV-12 (M.D.Pa.)
Ball v. Sipe, 1:12-CV-537 (M.D.Pa.)
Ball v Giroux, No. 1:12-CV-812 (M.D.Pa.)
Ball v Giroux, No. 1:12-CV-813 (M.D.Pa.)
Ball v Hummel, No. 1:12-CV-814 (M.D.Pa.)
Ball v D'Addio, No. 1:12-CV-815 (M.D.Pa.)

## MEMORANDUM ORDER

Dawn Ball is an inmate housed in the Restricted Housing Unit at the State Correctional Institution (SCI) Muncy.  Furthermore, Ball is an inmate who has reported to the Court on numerous occasions that she engages in multiple episodes of destructive, self-defeating and senseless behavior.  For example, recurring themes in

Ball's lawsuits include Ball's penchant for smearing feces on herself and her cell, her destruction of her own clothing, and her use of her clothing to plug her toilet and flood her cell with water and human waste. Ball is also a prodigious federal court litigant, bringing numerous lawsuits based upon her perception of the events that take place around her in prison. Indeed, at present Ball has approximately twenty-five lawsuits lodged before this Court.[1] Yet, Ball is a prodigiously unsuccessful litigant, who has had many prior lawsuits and appeals dismissed either for failure to exhaust her administrative remedies, or as frivolous on the grounds that the lawsuit or appeal failed to state a claim upon which relief could be granted.

Having launched this body of litigation, Ball has twice sought to instruct the Court regarding when, where, and how all of these cases should be permitted to

---

[1] See, e.g., Ball v. SCI Muncy, No.1:08-CV-700 (M.D.Pa.); Ball v. SCI-Muncy, No. 1:08-CV-701 (M.D.Pa.); Ball v. Hill, No.1:09-CV-773 (M.D.Pa.); Ball v. Beard, No. 1:09-CV-845 (M.D.Pa.); Ball v. Lamas, No. 1:09-CV-846, (M.D. Pa.); Ball v. Oden, No 1:09-CV-847 (M.D.Pa.); Ball v. Bower, No. 1:10-CV-2561 (M.D.Pa.); Ball v. Sisley, No. 1:11-CV-877 (M.D.Pa.); Ball v. Struther, No. 1:11-CV-1265 (M.D.Pa.); Ball v. Hummel, No. 1:11-CV-1422 (M.D.Pa.); Ball v. Beckley, No. 1:11-CV-1829 (M.D.Pa.); Ball v. Sipe, No. 1:11-CV-1830 (M.D.Pa.); Ball v. Craver, No. 1:11-CV-1831 (M.D.Pa.); Ball v. Powley, No. 1:11-CV-1832 (M..D.Pa.); Ball v. Cooper, No. 1:11-CV-1833 (M.D.Pa.); Ball v. Famiglio, No. 1:11-CV-1834 (M.D.Pa.); Ball v. Eckroth, No. 1:11-CV-2238 (M.D.Pa.); Ball v. Campbell, No. 1:11-CV-2239 (M.D.Pa.); Ball v Barr, No. 1:11-CV-2240 (M.D.Pa.); Ball v Giroux, No. 1:12-CV-10 (M.D.Pa.); Ball v Giroux, No. 1:12-CV-11 (M.D.Pa.); Ball v Curham, No. 1:12-CV-12 (M.D.Pa.); Ball v. Sipe, 1:12-CV-537 (M.D.Pa.); Ball v. Giroux, No. 1:12-CV-812 (M.D.Pa.); Ball v. Giroux, No. 1:12-CV-813 (M.D.Pa.); Ball v. Hummel, No. 1:12-CV-814 (M.D.Pa.); Ball v. D'Addio, No. 1:12-CV-815 (M.D.Pa.) .

proceed, filing multiple motions which sought an open-ended stay of all of her litigation, in part, because Ball complains that prison officials will not allow her to keep as many as sixteen boxes of litigation files in her cell at the Restricted Housing Unit as the State Correctional Institution Muncy, a circumstance which she says impairs her ability to litigate these claims. We have repeatedly denied these requests, instructing Ball instead to file individual motions in each of her cases along with factual averments specific to each particular case identifying the deadline she wishes to extend or stay, and explaining why a stay or continuance is necessary. Dissatisfied with these rulings, Ball has now filed a battery of pleadings styled as "objections" to this instruction to file individually tailored continuance motions.

At the outset, to the extent that Ball seeks to treat this stay ruling as a dispositive matter which she may challenge simply through the filing of an objection, she errs. Quite the contrary, it is well-settled that: "Motions to stay, . . . , are non-dispositive. See Delta Frangible Ammunition, LLC v. Sinterfire, Inc., 2008 WL 4540394, at *1 n. 1 (W.D.Pa. Oct.7, 2008); Pass & Seymour, Inc. v. Hubbell Inc., 532 F.Supp.2d 418, 426 n. 7 (N.D.N.Y.2007). Therefore, my ruling with respect to each side's motion to stay is an order of the Court." Hutchins v. Bayer Corp., CIV.A. 08-640-JJF-LP, 2009 WL 192468 (D. Del. Jan. 23, 2009).

Accordingly, we will treat Ball's latest filings in the first instance as motions to reconsider our prior stay rulings. The legal standards that govern motions to

reconsider are both clear, and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Typically such a motion should only be granted in three, narrowly defined circumstances, where there is either: "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice". Dodge v. Susquehanna Univ., 796 F.Supp. 829, 830 (M.D. Pa. 1992 ).  As the United States Court of Appeals for the Third Circuit has aptly observed:

> "The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café, 176 F.3d at 677 (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds:  (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citation omitted).
>
> Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010).

Thus, it is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. Dodge, 796 F.Supp. at 830.  Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."

Continental Casualty Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995). Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge, 796 F.Supp. at 830. Rather, such a motion is appropriate only where the court has misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. See Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

Given the exacting standards which apply to motions to reconsider, we must deny Ball's request to reconsider our prior decisions regarding her previous global stay requests. It is well-settled that rulings on requests for extension of time or stays rest in the sound discretion of the court. Miller v. Ashcroft, 76 F. App'x 457, 461 (3d Cir. 2003). That discretion is guided, however, by certain basic principles. Thus, under this abuse of discretion standard, a trial court's control of its docket will not be disturbed "'except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant'" Id. (citations omitted). Moreover, any party challenging a ruling denying a continuance or stay request, "ha[s] a heavy burden to bear, . . ., as matters of docket control and conduct of [litigation] are committed to the sound discretion of the district court." In re Fine Paper Antitrust Litigation 685 F.2d 810, 817 (3d Cir. 1982)(citations omitted). Furthermore, when exercising this discretion, we acknowledge a basic truth: we must remain mindful of

the fact that "the Federal Rules are meant to be applied in such a way as to promote justice.  See Fed.R.Civ.P. 1.  Often that will mean that courts should strive to resolve cases on their merits whenever possible.  However, justice also requires that the merits of a particular dispute be placed before the court in a timely fashion . . . ." McCurdy v. American Bd. of Plastic Surgery, 157 F.3d 191, 197 (3d Cir. 1998)(affirming denial of request for extension of time).

Here, the application of these basic principles continues to compel us to deny Ball's requests, along with Ball's request that were retroactively revoke prior orders, as well as Ball's efforts to dictate which judges will hear and decide her motions.  In denying these motions we observe, yet again, for Ball that we are duty-bound to pursue her allegations and claims to ensure that she receives justice.  Staying these cases in the face of what Ball has claimed would be a fundamental dereliction of our duty to Ball, to the truth, and to justice.

We also note that, if Ball's allegations are not fully supported, then it would be a grave injustice to the dozens of Defendants sued by Ball to allow these allegations and claims to remain pending indefinitely, when they can, should and must be resolved.  In short, if Ball's allegations are not accurate, then these motions to stay would perpetuate an injustice and present a situation where delays sought by one party unfairly prejudice the rights and interests of the opposing parties.  In such instances,

the proper exercise of discretion calls for the denial of any motion for a stay of proceedings.

Further, Ball must consider that her stay motions are plainly over broad. In their current form these motions would prevent the Court from acting upon matters which are entirely ripe, and ready for resolution. These motions would also prevent the Court from acting in cases where Ball has failed to comply with pleadings deadlines, and is now subject to sanctions, including dismissal of her claims. In short, adopting a global, all-encompassing, open-ended stay of all of these proceedings would provide the Plaintiff with a license to avoid the consequences of her own litigation choices, and defaults. Such a course would be particularly inappropriate given Ball's litigation history since Ball has already been placed on notice that she may soon forfeit her right to proceed *in forma pauperis* under 28 U.S.C. §1915(g), due to her past penchant for filing frivolous and meritless claims.

Because we continue to believe that we owe it to Ball, and to all of the many Defendants she has sued, to promptly address the merits of her claims, we will DENY these "objections" which we construe as motions to reconsider. Ball is directed to continue to comply with the filing deadlines previously set by this Court and IT IS ORDERED that any requests for continuance or stay must be made individually by Ball in each of her cases along with factual averments specific to each particular case

identifying the deadline she wishes to extend or stay, and explaining why a stay or continuance is necessary.

However, as a matter of basic fairness to Ball, and in order to provide Ball with a full and fair opportunity to be heard on these matters which she deems important, we note for Ball that under 28 U.S.C. § 636(b)(1)(A) parties may seek review of this non-dispositive order by filing a motion to reconsider with the district court since: "A judge of the [district] court may reconsider any . . . matter [decided under this subparagraph] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Such challenges must, however, be filed within 14 days of the filing and service of this order, <u>see</u> F.R.Civ. P., Rule 72(a), and Ball must show that this ruling is "clearly erroneous or contrary to law," 28 U.S.C. § 636(b)(1)(A), in order to prevail in such a challenge.

So ordered this 10th day of July 2012.

<em><u>S/Martin C. Carlson</u></em><br>
Martin C. Carlson<br>
United States Magistrate Judge